**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

www.flsb.uscourts.gov

In re:                                                           Case No: 11-42725

                                                                 Chapter 7

RAIZA MARTIN

_____Debtor_____/

# MOTION TO STRIP OFF A JUNIOR LIEN ON REAL PROPERTY

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

**This Motion seeks to value collateral described below securing the claim of the creditor listed below.**
_____

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM**
**PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO**
**LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING**
**[SEE LOCAL RULE 3015-3(A)(2)]**

**If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]**

Debtor(s) Raiza Martin, by counsel, hereby moves the Court to strip off and avoid the lien of creditor PNC Bank, hereinafter referred to as the "Lender" who holds a mortgage recorded at OR Book 25817 Page 4314 in the official records of Miami-Dade County, Florida , on the property located at 15331 SW 167th Street, Miami, FL 33187

Debtor(s) intends to strip off creditor, PNC Bank  lien and to treat said creditor's claim as unsecured. Debtor(s) states that the basis for the lienstripping is lack of equity in the encumbered property and in support of said Motion submits the following information:

1.     At the time of the filing of this case, the value of the real property is $341,200.00 as determined by Zillow.com.

2.     WellsFargo holds a lien on the real property, senior to Lender, securing claims in the aggregate amount of $495,805.00.

3.     Lender's collateral consists solely of the debtor's principal residence.  As there is no equity in the real property after payment in full of the claims secured by the lien senior to that of Lender, the value of Lender's secured interest in the real property is $0.

4.     The undersigned reviewed the docket and claims register and states Lender has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 3, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

5.     The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court  (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's

mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 7 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1.      In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court.  Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2.      The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.


Dated:8/28/12

**Submitted by:**
/s/ Kenneth M. Damas
Kenneth M. Damas, Esq.
Fla. Bar No. 43643
**Law offices of Adorno-Cunill & Damas, PL**
1000 Brickell Avenue, Suite 1005
Miami, Florida 33131
Phone: 305-381-9999
Fax: 305-381-9898
*Attorney for Debtor*