

**ORDERED in the Southern District of Florida on November 8, 2012.**

Robert A. Mark, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                         )  CASE NO. 11-42725-BKC-RAM
                               )  CHAPTER  7
RAIZA MARTIN,                  )
                               )
         Debtor.               )
                               )

ORDER GRANTING MOTION TO
STRIP OFF SECOND MORTGAGE

The Court conducted a hearing on November 7, 2012, on the Debtor's Motion to Strip Off a Junior Lien on Real Property (the "Motion") [DE# 72]. The hearing was scheduled by this Court's September 12, 2012 Order Setting Briefing Schedule and Hearing on Motion to Strip Off Lien (the "Scheduling Order") [DE# 75]. The Debtor has properly served the Motion and Scheduling Order on PNC Bank ("PNC"), the holder of the mortgage the Debtor seeks

to strip.  PNC did not file a memorandum in opposition to the Motion and did not appear at the November 7th hearing.

Debtor alleges that PNC holds a second mortgage on the Debtor's home located at 15331 S.W. 167th St., Miami, FL 33187 (the "Home").  Debtor alleges that Wells Fargo holds the first mortgage and is owed $495,805.00.  Finally, the Debtor alleges that the Home is only worth $341,200.00, leaving no equity to secure the PNC claim.  The Debtor seeks an Order adopting these allegations, valuing PNC's secured claim at $0, and extinguishing the second mortgage.

Because the Motion is unopposed, the Court adopts the Debtor's allegations as its findings and concludes that the PNC second mortgage claim is a wholly unsecured claim.  In addition, as discussed below, in the absence of opposition, the Court concludes that the Debtor is legally entitled to the relief sought in the Motion stripping off the mortgage.

## Discussion

This Court has previously ruled that liens cannot be stripped in a Chapter 7 case.  *In re Gerardin, et al.*, 447 B.R. 341 (Bankr. S.D. Fla. 2011) (jointly issued by Judges Mark, Cristol and Isicoff).  However, in an unpublished opinion, the Court of Appeals for the Eleventh Circuit ruled recently that

wholly unsecured liens could be stripped off in a Chapter 7 case. *In re McNeal*, 2012 WL 1649853 (11th Cir. May 11, 2012).

Because *McNeal* is an unpublished decision, it is not binding on this Court under 11th Cir. R. 36-1 ("Unpublished decisions are not considered binding precedent but they may be cited as persuasive authority"). Had the Motion been opposed, it is likely that this Court would decline to follow *McNeal* and instead follow its earlier decision in *Gerardin*, prohibiting strip offs in a Chapter 7 case. However, because *McNeal* provides a basis for granting the relief sought in the Motion, and the Motion is unopposed, the Motion will be granted.

Therefore, it is -

**ORDERED** as follows:

1. The Motion is granted.

2. PNC's second mortgage claim is a wholly unsecured claim.

3. The lien securing PNC's claim on the Home is deemed void and is extinguished without further court order.

###

COPIES TO:
Kenneth M. Damas, Esq.
**(Attorney Damas is directed to serve a copy of this Order on all interested parties and file a Certificate of Service)**